IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY FLOYD and SHANTAE DEGRATE, | § § § § § | |
| Plaintiffs, | | |
| v. | § § | Case No. 3:21-cv-02695-N-BT |
| JUSTIN DURRANT and WE THE PEOPLE TRUCKING, LLC, | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Judge referred this civil action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) after it granted attorney James Bauguss III and the Law Offices of Ben Abbott & Associates PLLC permission to withdraw as counsel for Plaintiffs Larry Floyd and Shantae Lashay Degrate. Orders (ECF Nos. 24, 25). Now before the Court is Defendants Justin Durrant and We The People Trucking, LLC's (WTPT) Motion for Summary Judgment and Motion to Dismiss (ECF No. 21). For the following reasons, the Court should GRANT the Motion and DISMISS this action under Rule 41(b) of the Federal Rules of Civil Procedure.

**Background**

This case arises out of an automobile accident that occurred in Dallas County on or around February 6, 2021. First Am. Compl. 2 (ECF No. 5). On that date, Durrant was driving a vehicle for WTPT when he collided with a vehicle occupied

1

by Floyd and Degrate. First Am. Compl. 2. Plaintiffs claim they were injured in the collision and suffered damages in excess of $75,000, including physical pain, mental anguish, medical expenses, and physical impairment. First Am. Compl. 2-3 (ECF No. 5). Plaintiffs, represented by counsel, filed suit in Texas state court, alleging that Defendants were negligent and that WTPT negligently entrusted a vehicle to Durrant. First Am. Compl. 2-3. Defendants removed the case to federal court asserting diversity jurisdiction. Not. Removal 1 (ECF No. 1). Plaintiffs then filed a First Amended Complaint (ECF No. 5). The District Court set the case for trial on the Court's one-week docket beginning May 8, 2023. Sch. Order 1 (ECF No. 7).

During discovery, Defendants encountered difficulties deposing Plaintiffs. Each plaintiff was scheduled to appear for a deposition on September 29, 2022, but they both failed to attend. Mot. Summ. J. Exs. I & III (ECF Nos. 21-1, 21-3). After rescheduling the depositions for December 9, 2022, both Plaintiffs again failed to appear. Mot. Summ. J. Exs. II & IV (ECF Nos. 21-2, 21-4). Defendants state that Plaintiffs continually "refus[e] to cooperate" in these depositions and other discovery requests. Mot. Summ. J. 6 (ECF No. 21).

Defendants filed their Motion for Summary Judgment or, alternatively, a Motion to Dismiss on February 7, 2023. That same day, Plaintiffs' counsel filed a Motion to Withdraw, stating that they could not get in contact with Plaintiffs and advising the Court and opposing counsel of Plaintiffs' last known address. *See* Mot. Withdraw (ECF No. 15). The District Judge granted the Motion to Withdraw on

February 27, 2023. Order (ECF No. 24). Plaintiffs did not respond to Defendants' Motion by the twenty-one-day deadline to respond to opposed motions. N.D. Tex. L. Civ. R. 7.1(e).

On April 21, 2023, the Court issued a Show Cause Order requiring Plaintiffs to explain, in writing by May 4, 2023, why they had failed to appear for their depositions and respond to the Defendants' Motion. Show Cause Order 1 (ECF No. 26). The Court further ordered Defendants to separately serve the Show Cause Order and their Motion on Plaintiffs at their last known address. Show Cause Order 3-4. Defendants complied with the Court's Order and filed proof of attempted service, noting that the process server failed to reach Plaintiffs after multiple service attempts. Affs. (ECF Nos. 27, 28). As of the date of this report and recommendation, Plaintiffs have failed to respond to the Court's Show Cause Order.

On May 2, 2023, the Court vacated the trial setting. Order (ECF No. 29). The Clerk of Court sent copies of the Court's Order to Plaintiffs, but they were returned to the Court on May 16 and May 30, 2023, marked "RETURN TO SENDER. NOT DELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." Mail Returned 1 (ECF Nos. 30, 31).

Against this background, the Court considers Defendants' Motion to Dismiss under Rule 41(b).

## Legal Standard & Analysis

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." *Id.* Rule 41(b) gives courts the ability "to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Jackson v. Coca-Cola Bottling Co. United, Inc.*, 2010 WL 4536768, at *2 (S.D. Miss. Nov. 2, 2010). These dismissals are "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court." *Id.* (first citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); and then citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Even prior to their attorney's withdrawal in February 2023, Plaintiffs have failed to participate in the litigation of this case. Plaintiffs did not appear for two scheduled depositions, and they consistently neglected their discovery obligations over the past several months. Mot. Summ. J. 5; Mot. Summ. J. Exs. I, II, III, & IV. Plaintiffs also disobeyed the Court's Show Cause Order and failed to explain why they did not appear for their depositions. *See* Show Cause Order. Further, the Plaintiffs did not respond to Defendants' Motion for Summary Judgment and Motion to Dismiss. Defendants have been prejudiced by this delay, as the District Judge has now vacated the trial setting. Indeed, the Court cannot even be sure the

4

Plaintiffs' contact information is accurate, as mailings to the address on file have been returned as undeliverable. Mail Returned 1. Accordingly, the Court should find that the record demonstrates that the Plaintiffs have failed to prosecute the case and have failed to comply with Court orders. Therefore, the Court should grant Defendants' Motion to Dismiss the case under Rule 41(b).

Defendants request that the Court dismiss the Plaintiffs' claims with prejudice. Mot. Summ. J. 7. To dismiss a case with prejudice under Rule 41(b) "requires 'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Thomas v. DHI Home Mortg. Co.*, 2023 WL 2355913, at *2 (N.D. Tex. Feb. 8, 2023) (Toliver, J.), *adopted by* 2023 WL 2355932 (N.D. Tex. Mar. 3, 2023). In view of Plaintiffs' recent *pro se* status, the returned mail, and the Court's inability to confirm Plaintiffs' contact information, the Court cannot be certain of the cause of the Plaintiffs' apparent neglect for their claims—whether it is due to contumacious conduct or some other reason. Nor can the Court determine that lesser sanctions would not serve the interests of justice. Accordingly, the Court should dismiss Plaintiffs' claims without prejudice and pretermit consideration of Defendants' no-evidence motion for summary judgment.

## Recommendation

The Court should GRANT the Defendants' Motion and DISMISS Plaintiffs' claims without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

**SO RECOMMENDED.**

May 23, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).